## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**STEVE ALLEN STRANGE,**

> **Plaintiff,**

**vs.**                                        **Case No.: 4:22-cv-00211-MW-MAF**

**RICKY DIXON,**
**SEC'Y FLA. DEP'T OF CORR.,**
**et al.,**

> **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, is no stranger to the federal

courts.[1] Without an operative complaint in this case, Plaintiff filed two

motions for a temporary restraining order and injunctive relief. ECF Nos. 14

and 19. Plaintiff's latter request for an injunction contains a handwritten copy

of the request.[2] ECF No. 19, 19-1. Generally, Plaintiff alleges prison officials

---

[1] This Report does not list the case numbers for Plaintiff's other federal cases because Plaintiff is obligated to disclose his litigation history in his complaint. The initial complaint and amended complaint contain different litigation histories. See ECF Nos. 1 and 11. The Court previously advised Plaintiff of the requirement and warned he is proceeding in a way that may be considered an abuse of process. ECF No. 16.

[2] Plaintiff styled this set of filings as belonging to Case No. 4:22-cv-00263-MW-MJF; however, Plaintiff was advised the case was opened in error and then administratively closed. The complaint used to open Case No. 4:22-cv-00263-MW incorrectly was then

interfered with his access to the courts and, presumably, did not receive the Court's orders. ECF Nos. 14 and 19. For the reasons stated below, Plaintiff's requests for injunctive relief should be DENIED. First, the procedural history of this case is relevant and warrants brief discussion.

## I.    Procedural History

On June 3, 2022, the Clerk of Court sent Plaintiff a notice confirming receipt of his filing, the case number, and advised him of the requirement to comply with the Rules governing these proceedings. ECF No. 3. After reviewing the initial complaint, the Court issued an order on June 24, 2022, outlining the deficiencies and directed Plaintiff to amend and complete the *in forma pauperis* (IFP) application. ECF No. 5. Next, Plaintiff filed declarations and exhibits – *three packages with more than 600 copies of prison grievances* – all of which were stricken as improper on July 5, 2022. ECF No. 8. Plaintiff followed with two status inquiry letters to Clerk; and the Clerk sent Plaintiff courtesy copies of the docket and the last orders. ECF Nos. 9 and 10. Plaintiff then submitted an amended complaint, a motion to proceed *in forma pauperis* (IFP), a motion for extension of time, and the first motion

---

transferred to the instant case because it was actually an amended complaint. See ECF No. 11. The Court screened the amended complaint and because it failed to comply with the prior court order, it was stricken. See ECF No. 16. **Plaintiff shall not file any documents in Case No. 4:22-cv-00263-MW-MJF**.

for temporary injunction. ECF Nos. 11, 12, 13, and 14. The Court again found the amended complaint was legally insufficient and gave Plaintiff additional time, until August 18, 2022, to amend the complaint and submit a proper IFP motion. ECF No. 16.

The Court found Plaintiff's allegations of interference by prison officials were controverted by the record. <u>See</u> ECF Nos. 16 and 18. Contradicting his own claims, Plaintiff acknowledged receipt of the Court's orders in his motion for an extension of time and motion for reconsideration, which opposed the striking of his 600 pages of exhibits. ECF Nos. 13 and 17. The Court denied the motions. ECF Nos. 16 and 18. Plaintiff filed a second motion for injunctive relief. ECF No. 19.

Plaintiff initiated another federal case in the Middle District of Florida, nearly identical to this case. As of the date of the drafting of this Report, Plaintiff has not filed an amended complaint or IFP motion but has time remaining to do so.

## II.   **Plaintiff's Allegations**

### A.   <u>Plaintiff's First Motion for Injunctive Relief, ECF No. 14.</u>

In the first motion for injunctive relief, Plaintiff alleges that Assistant Warden McClellan and April McGregor, along with mailroom supervisor, H. Rivera conspired to obstruct this litigation. ECF No. 14, p. 1. Plaintiff asks

the Court for the following: (1) to place these individuals on administrative leave; (2) an order directing L. Thompson to process Plaintiff's prisoner consent form and financial certificate to support the IFP motion; (3) restricting the services of J-Pay; and (4) an examination or investigation of inmate trust fund accounts. Id., pp. 1-2. Neither Rivera nor Thompson are defendants in this case. Plaintiff repeats some of the allegations he presented in his initial complaint: that prison officials destroyed his grievances and legal mail including the court's orders and they violated his right to privacy by displaying his families' contact information to inmates. Id., pp. 1-2.

The attached declarations repeat his allegations. Id., pp. 6-11. Plaintiff also attached a proposed subpoena generally demanding all prison audio and video recordings from June 15, 2022, which is after the initiation of this case. Id., p. 12. Plaintiff does not indicate how these recordings are relevant to the claims in his complaint.

B. Plaintiff's Second Motion for Injunctive Relief, ECF No. 19.

In the second motion, Plaintiff repeats his claims that he did not receive a case acknowledgment from the Clerk of Court or court orders and believes that prison officials tampered with and destroyed his complaint and filings. ECF No. 19, p. 1. Plaintiff alleges that prison staff obstructed his access to the courts; and, without a restraining order in place, they will continue to do

so. Id., p. 2. Plaintiff claims this is a matter of "national security." Id. Plaintiff also alleges that prison officials are interfering in the grievance process because they are not logging his grievances and not providing him receipts for his grievances in violation of his constitutional rights. Id., p. 3-4.

Plaintiff provides no facts to suggest he is at risk of physical harm or in any physical danger. The motions contain general allegations and do not attribute any act or omission to any named defendant that would suggest a constitutional violation.

## III.  Preliminary Injunction Standard

In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. Id. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit can be reviewed. All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989). Therefore, the relief sought in the motion must be closely related to the conduct. The persons from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842 (11th Cir. 1995). A showing of irreparable harm is "the sine qua non of injunctive relief." Northeastern Florida Chapter of Ass'n of Gen. Contractors of Amer. V. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

## IV.    Discussion

A.  Plaintiff's Request for Injunctive Relief are Not Attributable to Named Defendants.

As a threshold matter, because the injunctive relief sought in the second motion for injunctive relief (ECF No. 19) is not attributed to any named defendant in this case, the entire motion is due to be denied as a matter of law. ECF No. 19. See In re Infant Formula, supra. Similarly, Plaintiff's claims for relief against Rivera and Thompson presented in the first motion for injunctive relief should be denied because they are not parties to this action. Id.; see ECF No. 14.

B. <u>Plaintiff Has Not Filed a Legally Sufficient Complaint</u>

Plaintiff has not complied with Rule 65 requiring that the specific facts or allegations be set forth in an affidavit or verified complaint. <u>See</u> Fed. R. Civ. P. 65(b)(1)(A). This case will not proceed if Plaintiff does not submit a legally sufficient complaint in accordance with the Court's prior orders. Plaintiff has been granted multiple opportunities to amend and to file the documents necessary for consideration of a motion to proceed IFP, until August 18, 2022. Without a legally sufficient complaint, the motions for injunctive relief are due to be denied.

C. <u>Plaintiff's Claims of Interference with His Access to the Courts and the Prison Grievance Process Have No Likelihood of Success on the Merits.</u>

In order "[t]o properly allege a claim for denied access to the courts, an inmate must demonstrate that he was hindered in his efforts to pursue a legal claim." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). The inmate must demonstrate that he suffered an actual injury by showing he was frustrated or impeded in attacking his conviction, directly or collaterally, or in challenging his conditions of confinement in a civil rights action. <u>Id.</u> at 351-52, 355; <u>Cunningham v. District Attorney's Office for Escambia Cty.</u>, 592 F.3d 1237, 1271 (11th Cir. 2010).

The procedural history of this case alone refutes Plaintiff's claim. In just two months, Plaintiff filed thirteen pleadings and letters in this case, including three packages comprised of over 600 pages of documents, although he has yet to file a legally sufficient complaint or properly supported IFP motion. The fact that Plaintiff was able to submit these filings along with initiating another case in the Middle District of Florida is sufficient evidence that there is no obstruction by prison officials. He has suffered no injury. Plaintiff's interference claims are unfounded and made in bad faith.

Plaintiff's claims that officials are interfering with the prison grievance process are also likely to fail for two reasons. First, the 600 pages of exhibits, now stricken, were largely copies of the prison grievances Plaintiff filed; he had access to the grievance procedure. Second, even if officials did interfere, there is no constitutional right to a grievance process. "A prison grievance procedure does not provide an inmate with a constitutionally protected interest." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Plaintiff is not entitled to receipts of his grievances. This claim is frivolous and made in bad faith.

D. Plaintiff's Claim that His Privacy Rights Were Violated Has No Likelihood of Success on the Merits.

The United States Constitution does not expressly guarantee a right to privacy although some fall under the Fourteenth Amendment. Padgett v.

Donald, 401 F.3d 1273, 1280 (11th Cir. 2005). "The right to privacy includes avoiding the disclosure of personal information in some, but not all, circumstances." Hollis v. W. Acad. Charter, Inc., 782 F. App'x 951, 956 (11th Cir. 2019) (citing Whalen v. Roe, 429 U.S. 589, 599-600, 602, (1977)). However, for prisoners, a privacy interest in the disclosure of personal matters is only violated when it fails to serve "legitimate penological interests." Harris v. Thigpen, 941 F.2d 1495, 1515 (11th Cir. 1991).

It is also questionable whether Plaintiff has a protected privacy interest in his family's information. Plaintiff's claims are vague about what information was released, what family member is implicated, who released the information, and whether there was any adverse effect to the release of the information. Additionally, without a more detailed complaint, Plaintiff has not provided sufficient facts involving J-Pay that would satisfy Section 1983's state action requirement. A private company would have to perform services that were traditionally the exclusive prerogative of the state in order to be liable for constitutional violations. See Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

E. The Relief Plaintiff Seeks is Unavailable under Section 1983.

Plaintiff's requests to place prison officials on administrative leave or otherwise terminate them and for an investigation into J-Pay are

inappropriate for a Section 1983 action. "Federal courts have no authority to fire state employees, or to take over the performance of their functions." Mason v. Rivenbark, 2018 U.S. App. LEXIS 322278 at *4 (11th Cir. Nov. 14, 2018) (citing Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1978). Plaintiff lacks standing to seek a criminal investigation. Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another) (citations omitted).

To the extent Plaintiff seeks the audio and video recordings, the Court construes the request as a motion to compel discovery, which is premature. There is no operative complaint; no defendants have been served in this case; and the discovery period has not commenced. A motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make the disclosure . . . in an effort to obtain it without court action." Fed. R. Civ. P. 37. Plaintiff did not submit discovery requests to Defendants in this case because discovery has not commenced.

F. Plaintiff Is Not Facing Immediate and Irreparable Injury.

Finally, Plaintiff does not demonstrate that he currently faces a "substantial threat" of "immediate and irreparable injury." At best, the motion

presents only prospective, speculative allegations of a strictly subjective perception of harm. Ultimately, Plaintiff does not state a prima facie case for preliminary injunctive relief and seeks relief that is unavailable.

## V.    Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's motions for injunctive relief, ECF Nos. 14 and 19, be **DENIED** as a matter of law, there is no substantial likelihood of success on the merits, and certain claims are otherwise frivolous and made in bad faith.

IN CHAMBERS at Tallahassee, Florida on August 9, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).