**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**STEVE ALLEN STRANGE,**

    **Plaintiff,**

**vs.**                                    **CASE NO. 4:22-CV-211-MW-MAF**

**RICKY DIXON,
SEC'Y FLA. DEP'T OF CORR.,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, no stranger to the federal courts, is a prisoner proceeding *pro se* and paid the initial partial filing fee. See ECF No. 39. Plaintiff filed his second amended complaint on August 15, 2022. See ECF No. 23. This Court reviewed Plaintiff's complaint in accordance with 28 U.S.C. § 1915A. For the reasons stated herein, Plaintiff's second amended complaint should be **DISMISSED** without prejudice for failure to state a claim. A brief discussion of Plaintiff's litigation history and the procedural history of this case is warranted.

## I. Plaintiff's Litigation History

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's long history of frivolous litigation in the federal courts. In total Plaintiff has filed over eleven suits in the federal courts (including appeals).[1] In the Northern District of Florida alone, Plaintiff filed five different suits, two of which have counted as strikes under the Prison Litigation Reform Act.[2] Plaintiff is undoubtedly familiar with the Rules governing these proceedings, and Plaintiff has been advised on multiple occasions that the failure to state a claim will result in dismissal.

## II. Procedural History

On June 3, 2022, the Clerk of Court sent Plaintiff a notice confirming receipt of his filing, the case number, and advised him of the requirement to comply with the Rules governing these proceedings. ECF No. 3. After

---

[1] See Strange v. Edelen, Case No. 4:19-cv-440-MW-CAS (N.D. Fla. 2019); Strange v. J-Pay Corp., et al., Case No. 4:19-cv-285-WS-HTC (N.D. Fla. 2019); Strange v. Inch, et al., Case No. 4:21-cv-251-MW-MJF (N.D. Fla. 2021); Strange v. Dixon, et al., Case No. 4:22-cv-00263-MW-MJF (N.D. Fla. 2022); Strange v. Dixon, et al., Case No. 4:22-cv-00211-MW-MAF (N.D. Fla. 2022); Strange v. Dixon, et al., Case No. 3:22-cv-771-BJD-PDB (M.D. Fla. 2019); Strange v. Sec'y, Fla. Dep't of Corr., Case No. 3:12-cv-01024 (M.D. Fla. 2019); Strange v. J-Pay Corp., Case No. 1:19-cv-24575-UU (S.D. Fla. 2019); Strange v. Warden, et al., Case No. 19-15154 (11th Cir. 2019); Strange v. J-Pay Corp., et al., Case No. 20-11437 (11th Cir. 2020); Strange v. Sec'y, Fla. Dep't of Corr., Case No. 15-13255 (11th Cir. 2015).

[2] See Strange v. Edelen, Case No. 4:19-cv-440-MW-CAS (N.D. Fla. 2019) (dismissed for failure to state a claim); Strange v. Sec'y, Fla. Dep't of Corr., Case No. 15-13255 (11th Cir. 2015) (dismissed as frivolous).

Case No. 4:22-cv-00211-MW-MAF

reviewing the initial complaint, the Court issued an order on June 24, 2022, outlining the deficiencies and directed Plaintiff to amend. ECF No. 5. Next, Plaintiff filed declarations and exhibits – three packages with more than 600 copies of prison grievances – all of which were stricken as improper. ECF No. 8. Plaintiff then submitted an amended complaint, a motion to proceed IFP, a motion for extension of time, and the first motion for temporary injunction. ECF Nos. 11, 12, 13, and 14. The Court again found the amended complaint was legally insufficient and gave Plaintiff additional time, until August 18, 2022, to amend. ECF No. 16.

Plaintiff filed additional motions, which were denied. See ECF Nos. 13, 16, 17, 18. Then, without an operative complaint, Plaintiff filed a second motion for injunctive relief, which was subsequently also denied. See ECF Nos. 19 and 20. Eventually, Plaintiff filed his Second Amended Complaint, ECF No. 23.

### III. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an

arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a pro se litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish

'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## IV. Plaintiff's Second Amended Complaint

In the operative complaint, ECF No. 23, Plaintiff sues five defendants. Plaintiff sues (1) Ricky D. Dixon, the Florida Department of Corrections (FDOC) Secretary, in his official capacity; (2) J-Pay Corporation (J-Pay), in its individual capacity; (3) Ethan Krietman, an account manager at J-Pay, in his individual capacity; (4) April McGregor, a grievance coordinator at Florida State Prison (FSP), in her individual capacity; and (5) Jeffery McClellan, an assistant warden at FSP, in his individual capacity. ECF No. 23, pp. 2-5.

Plaintiff claims Secretary Dixon is responsible for the deprivation of Plaintiff's constitutional rights. Id., p. 7. Namely, Secretary Dixon deprived Plaintiff of "the right to privacy by displaying on J-Pay's kiosk Plaintiff's and [his] family contact information to inmates on the date of August 1, 2018, to April 14, 2019, at Taylor Correctional Institution," and with "malicious interference deprived Plaintiff the right to exercise the right to petition for redress." Id., p. 7. Plaintiff makes a nearly identical claim against J-Pay. Id.

Plaintiff alleges that J-Pay and Defendant Krietman permanently took Plaintiff's purchased emails, e-pictures, video grams, games, and music on

July 23, 2019, at Taylor Correctional Institution. Id., p. 7. Finally, Plaintiff claims that Defendants McGregor and McClellan maliciously interfered with his "right to exercise the right to petition for redress. . ." Id., p. 8.

This Court gave Plaintiff multiple opportunities to amend his complaint. See ECF No. 5; ECF No. 16. However, the operative complaint remains deficient for the reasons stated below.

## V. Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).

District courts have "the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits . . . which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." Id., at 1320. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See id. at 1321-23 (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's complaint is on the required form, but it is a quintessential shotgun pleading. Plaintiff provides only legal conclusions. He does not

indicate what type of information creates a privacy interest. In fact, Plaintiff's claims are so vague the Court cannot determine which constitutional amendments are implicated. See ECF No. 23, pp. 7-8. Plaintiff does not attribute any acts or omissions to any of the Defendants. See generally id. Plaintiff simply generally alleges that his purchased emails, e-pictures, video grams, games, and music were taken, but Plaintiff does not explain how any of these events occurred. Id., p. 7. The same is true for his claims that certain defendants interfered with his right to petition for redress. Plaintiff fails to explain the redress he sought and fails to explain how defendants interfered with his right to petition for redress. Id., p. 8. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Legal conclusions are insufficient.

As his litigation history proves, Plaintiff is a vexatious litigant. Plaintiff has been repeatedly advised by more than one federal court on how to file a proper civil rights action. Because the filing amounts to an impermissible shotgun pleading, and because Plaintiff was previously advised by this Court and other federal courts on the proper course of filing, dismissal is appropriate.

## VI. Respondeat Superior

Because Plaintiff raises claims against Secretary Dixon and J-Pay, it can be construed as attempt to sue them under a theory of vicarious liability. However, "liability under § 1983 may not be based on the doctrine of respondeat superior." Craig v. Floyd Cty, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). To the extent Plaintiff sues Ricky Dixon, his claims would likely fail under the theory of respondeat superior.

A government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

In his complaint, Plaintiff makes no specific allegations as to how Ricky Dixon, in his official capacity, caused the constitutional violation at issue.

Plaintiff fails to identify any official policy, longstanding custom, or widespread practice that would trigger government liability. As such, Plaintiff's claims are subject to dismissal.

## VII. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice because the complaint is an impermissible shotgun pleading and fails to state a claim against the named defendants. It is further recommended that the case be **CLOSED** and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida, on October 6, 2022.

                               *s/ Martin A. Fitzpatrick*
                               **MARTIN A. FITZPATRICK**
                               **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).